### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

```
GEORGE KERSEY,                    )
                                 )
           Plaintiff,            )
                                 )      Civil Action
           v.                    )      No. 24-10993-PBS
                                 )
DONALD TRUMP,                    )
                                 )
           Defendant.            )
```

### MEMORANDUM AND ORDER

April 22, 2024

SARIS, D.J.

### INTRODUCTION

Plaintiff George Kersey ("Kersey"), proceeding pro se, has filed a complaint with a motion for leave to proceed in forma pauperis.  For the reasons stated below, the motion for leave to proceed in forma pauperis will be granted and this action will be dismissed with prejudice.

### BACKGROUND

Kersey brings this action against former president Trump and submits his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts.  Dkt. No. 1.  In the section of the complaint for basis of jurisdiction, Kersey checks boxes for both federal question and diversity of citizenship  Id. at ¶ II.  In the section of the complaint for federal question

jurisdiction, he states that the violation of the constitution is at issue in this case.  Id. at ¶  II(A).   For diversity jurisdiction, he states that he is a citizen of Rhode Island and that the defendant is a citizen of Florida.  Id. at ¶  II(B)(1), (2).   He states that the amount in controversy is "more than $75,000."  Id. at ¶  II(B)(3).   The statement of claim, Kersey states: "The U.S. Constitution, Article II, Section 1, Clause 9 provides that the President must be of natural birth [and that the defendant] is not of natural birth."  Id. at ¶  III.   The relief section of the complaint states that the defendant "is currently running for the Presidency in violation of the Constitution and his running should be terminated and damages awarded because [he] has threatened action against those who oppose him." Id. at ¶ IV.

Kersey has a lengthy litigation history and another session of this court recently warned Kersey that if he brings another claim against former president Trump without properly establishing standing, he may be sanctioned.  See Kersey v. Trump, C.A. No. 24-10806-LTS (Apr. 1, 2024 dismissal).  In that action, Kersey sought to bar Trump from running for President and an award of $475,000,000. Id.  Kersey was advised, among other things, that he was without standing to sue because there was no particularized injury to him.  Id.  Kersey had several prior lawsuits against the former president dismissed based on

similar findings.  Id. at n. 1 (collecting cases).  Kersey was previously sanctioned and enjoined from bringing actions against certain parties unrelated to this action.  See Kersey v Becton Dickinson and Co., No. 16-cv-10495-LTS (D. Mass. Jan. 9, 2018).

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of Kersey's motion for leave to proceed in forma pauperis, the Court concludes that he is without income or assets to pay the filing fee.  The Court, therefore, permits Kersey to proceed in forma pauperis.

## PRELIMINARY REVIEW

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  The in forma pauperis statute authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Additionally, the Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[T]he

party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

To invoke this court's subject-matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Because Kersey is proceeding pro se, he is entitled to a liberal reading of his allegations, no matter how inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**DISCUSSION**

Here, the Court lacks jurisdiction over Kersey's claim regarding the defendant's alleged misconduct because Kersey does not have standing to bring the claim. As previously explained in the April 1, 2024 Order, Kersey v. Trump, C.A. No. 24-10806-LTS, to establish Article III standing, Kersey must show, among

4

other things,, "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021).  Because he "does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." Id. at 413 (quoting Casillas v Madison Avenue Assocs., Inc., 926 F.3d 329, 333 (7th Cir. 2019)).

By commencing the instant action with the type of claim that Kersey has previously been warned is insufficient to establish standing, the case will be dismissed.

## ORDER

For the foregoing reasons,

1.    The motion for leave to proceed in forma pauperis (Dkt. No. 2) is ALLOWED.

2.    This action is DISMISSED with prejudice.

3.    The Clerk shall enter a separate Order of Dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE